Filed 12/21/20  Aslan v. McHale CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CHARLES ASLAN, | B300972 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC674294) |
| PAULA McHALE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard J. Burdge, Jr., Judge.  Affirmed.

Jance M. Weberman for Plaintiff and Appellant.

Stimpert & Ford and Daniel P. Stimpert for Defendant and Respondent.

## INTRODUCTION

Appellant Charles Aslan challenges the trial court's grant of respondent Paula McHale's motion for summary judgment, following its grant of summary adjudication as to his cause of action for conversion.[1] That cause of action alleged that McHale converted several hundred ceramic tiles fashioned by noted early 20th century artist Ernest Allan Batchelder. On appeal, Aslan acknowledges that the court granted McHale's motion because it found he would be unable to demonstrate the second element of conversion, viz., that McHale had wrongfully converted the tiles. Nevertheless, Aslan's brief is devoted to arguing that he established a triable issue of material of fact as to the first element of conversion, viz., whether he had lawful possession of the tiles. Even after McHale noted in her respondent's brief that Aslan had ignored the central issue on appeal, Aslan failed to file a reply brief. He has, therefore, waived any argument that the trial court erred in ruling he would be unable to establish the second element of

---

[1] The trial court also granted summary adjudication as to Aslan's remaining causes of action -- intentional and negligent infliction of emotional distress -- but Aslan does not appeal those rulings.

conversion. Moreover, our review of the record supports the trial court's ruling. We therefore affirm.[2]

## STATEMENT OF RELEVANT FACTS

In June 2019, McHale moved for summary judgment on the operative complaint, which alleged three causes of action against her: conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress.[3] According to the motion, Aslan alleged in his complaint that his uncle, Moses Aslan, had given him the right to lease, manage, and restore the premises located at 217 West Sixth Street, Los Angeles, California (the Premises), "including the right to remove all items of personal property he found during the reconstruction process." Aslan further alleged that while restoring the Premises, he discovered boxes containing tiles and murals by Batchelder worth over $3,000,000.

McHale claimed that Aslan's conversion cause of action was based on allegations that she had initiated an action to evict him from the Premises, had notified the Los Angeles

---

[2] We also note that Aslan's opening brief failed to comply with the rules of court by failing to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) While we decline to strike the brief, we note the defect. (Cal. Rules of Court, rule 8.204(e)(2)(C).)

[3] Aslan failed to include any iteration of the complaint in the record on appeal.

Police Department (LAPD) that he had "absconded with valuable murals and tiles that belonged to her," had caused Aslan to be arrested and charged with grand theft, and had "converted the tiles." She also claimed his infliction of emotional distress causes of action were based on her allegedly false reports to the police that Aslan had stolen the tiles. McHale argued that any eviction action she initiated, or any statements she made to the police, were privileged, and therefore could not be the basis for any of Aslan's causes of action. She further argued that she could not be liable for converting the tiles because they were voluntarily surrendered by Aslan's mother, Sophia Aslan, and McHale was not even present when the surrender occurred.

Filed with McHale's motion were declarations from Detective Scott Vostad of the LAPD, Carson Elder, and Tony Anthony. Detective Vostad declared that, after being notified by McHale that Moses Aslan believed Charles Aslan had removed certain ceramic tiles from the Premises, he "began a thorough investigation" and, after speaking with numerous individuals, including McHale, Moses Aslan, Sophia Aslan (Charles's mother), and Charles Aslan, and reviewing documents, concluded "there was probable cause to believe that Charles Aslan had removed and was in possession of personal property that did not belong to Charles Aslan." Detective Vostad further declared that, on the morning of Aslan's arrest, he received a call from Sophia Aslan, stating that she had the tiles in question and wanted to return them. Detective Vostad asked Carlson Elder, an

4

acquaintance of Moses Aslan's, to accompany him to retrieve the tiles.  Detective Vostad declared that he "repeatedly made it clear to Sophia Aslan that . . . [he] was there merely to assist her in *voluntarily* returning the ceramic tiles with her consent."  Detective Vostad stated that Sophia Aslan turned the tiles over to Elder and another individual.  Elder's declaration substantially corroborated Detective Vostad's recitation of events, and identified the other individual as Tony Anthony.  Anthony's declaration substantially corroborated Detective Vostad's and Elder's accounts.  McHale also filed a declaration from Scott Wells, who claimed to have known Aslan for several years, attesting that in April 2016, he agreed to lend Aslan 505 Batchelder tiles that he expected would be returned (the Wells Tiles).  The Wells Tiles were apparently among those given to the LAPD by Sophia Aslan, and were eventually returned to Wells.

In opposing McHale's motion, Aslan did not dispute that his two remaining causes of action for intentional and negligent infliction of emotional distress were based on McHale's statements to the police.[4]  However, he claimed his conversion cause of action was based on the fact that the Wells Tiles belonged to Wells.  With respect to the evidence that his mother had voluntarily surrendered the tiles, Aslan

---

[4]     Nor, according to the trial court's order, did Aslan raise any argument regarding these claims in opposition to McHale's motion.

argued only that the declarations attesting to this were not credible, presenting no contrary evidence of his own.

In August 2019, the trial court granted McHale's motion for summary judgment. With respect to Aslan's emotional distress causes of action, the court found that McHale's alleged eviction lawsuit or reports to the police could not be the basis of any cause of action, because such actions were privileged. Regarding Aslan's conversion cause of action, the trial court found that McHale had submitted "evidence establishing that 'the subject tiles were surrendered voluntarily by [Plaintiff's Mother] Sophia Aslan' to the Los Angeles Police Department," that McHale was not present when they were surrendered, and that she was not the claimant in the criminal filing which precipitated their return. The court found this evidence "sufficient to negate the second element of the conversion cause of action—defendant's conversion by a wrongful act or disposition of the property rights—and to shift the burden to Plaintiff to establish the existence [of] a triable issue of material fact . . . ." The court further found that while Aslan disputed the assertion of voluntary surrender and contended the tiles were stolen from his home, he failed to cite evidence that either established that the tiles were stolen, or undermined or rebutted McHale's evidence. Accordingly, the court found Aslan had failed to raise a triable issue of fact as to the voluntary surrender of the tiles, granted McHale's motion for summary judgment, and entered judgment in her favor. Aslan timely appealed.

# DISCUSSION

## A.   *Aslan Has Waived the Only Issue on Appeal*

"""""The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.'"""" (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1240.)  Aslan acknowledges this in his appellate brief.  He also acknowledges that his appeal arises from "the trial court's granting of summary judgment, in favor of defendant, PAULA MCHALE, (MCHALE) by her alleging material facts that negate the second element of the conversion cause of action and ' ... shift the burden to Plaintiff to establish the existence of a triable issue of material fact as to whether defendant can be held liable.'"

Despite recognizing the legal basis for the court's grant of summary adjudication on the conversion cause of action, Aslan proceeds to ignore this issue in his appellate brief, in favor of arguing that he established a triable issue of material fact regarding the first element of conversion, viz., whether he had lawful possession of the tiles.  Even after McHale noted in her respondent's brief that Aslan had ignored the central issue on appeal, Aslan failed to file a reply brief addressing the basis for the court's ruling.  "Even when our review on appeal 'is de novo, it is limited to issues which have been adequately raised and supported in [the appellant's opening] brief.  [Citations.]  Issues not raised in

7

an appellant's brief are deemed waived or abandoned.'" (*State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674, 836.) By knowingly ignoring the dispositive issue on appeal, Aslan has waived any argument that it was wrongly decided. Moreover, as discussed below, even had he preserved the argument, we would affirm on the merits.

### B. *The Court Did Not Err in Granting Summary Judgment*

On a motion for summary judgment, "a defendant meets its burden of showing that a cause of action has no merit 'if that party has shown that one or more elements of the cause of action . . . cannot be established . . . .' Once the defendant meets the foregoing burden, 'the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action . . . [and] set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . .'" (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 780.) "On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)

As established above, the trial court granted summary adjudication on the conversion cause of action because

McHale demonstrated that Aslan could not establish that she converted the tiles by a wrongful act or disposition of property rights, and Aslan failed to cite to evidence either establishing his contention that the tiles were stolen from him, or rebutting McHale's evidence.  We agree.  Detective Vostad submitted a declaration that Charles's mother called him on the day Charles was arrested, and stated that she had the ceramic tiles in question and wanted to return them.  Detective Vostad, Carson Elder, and Tony Anthony all submitted declarations establishing that they were present when Sophia Aslan voluntarily relinquished the tiles.  Aslan points to no contrary evidence.[5]  Therefore, regardless of Aslan's waiver of the only issue on appeal, we find the trial court did not err in granting summary adjudication on the conversion cause of action and summary judgment on the operative complaint.

---

[5] On appeal, Aslan questions the credibility of Detective Vostad and Anthony (though not Elder), asserting without citation to evidence that it was "highly unlikely" that Detective Vostad had numerous telephone conversations with Moses Aslan, and that a meeting that Anthony claimed occurred around June 15, 2016, did not occur.  But "the law is clear that summary judgment may not be denied solely on the basis of the credibility of the moving party's witnesses."  (*Ayon v. Esquire Deposition Solutions, LLC* (2018) 27 Cal.App.5th 487, 496.)

**DISPOSITION**

The judgment is affirmed.  Respondent is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, P. J.


We concur:


WILLHITE, J.


COLLINS, J.